## LEACH v J C PENNY CO

Ohio Appeals, 9th Dist, Lorain Co

No 835.   Decided Dec 7, 1937

Levin & Levin, Lorain, for appellant.
Lloyd D. Miller, Cleveland, for appellee.

## OPINION

By STEVENS, PJ.

Hervy Leach, appellant, who was plaintiff below, filed an action against J. C. Penny Company, appellee, seeking the recovery of damages for personal injuries claimed to have been sustained by Leach through being struck upon the head by a falling iron bar.

It is alleged in the petition that while plaintiff was engaged in removing certain scrap papers and boxes from the basement of the premises occupied by defendant as a store in Lorain, Ohio, a heavy iron bar, which had theretofore, by an employee of defendant, been leaned against one of the doors opening onto an outside stairway leading from said basement, the presence of which bar so placed was unknown to plaintiff and not discernible to him as he opened said door leading to said stairway, fell upon the plaintiff and injured him.

The claim of negligence asserted by plaintiff are, briefly: the placing of said bar against said door by defendant; the failure to warn plaintiff of the presence of said bar so placed against the door, and the failure to provide adequate light in said basement so that the presence of said bar might be discerned.

For answer to the petition, the defendant denied generally the allegations thereof, except that defendant was a corporation conducting a mercantile establishment in a business storeroom in the city of Lorain, Ohio. Defendant then alleged that the injuries which plaintiff sustained, if any, were not due to negligence upon the part of the defendant but were due solely to the plaintiff's own negligence.

The record discloses that for several years prior to the date of his injury, plaintiff, Leach, had been gathering papers from the store of the J. C. Penny Company at Lorain, Ohio, under an arrangement, claimed to have been made with the manager of said store, whereby Leach received the waste papers and paper boxes of the defendant company for removing them from the basement, and, in addition to said papers, received from the manager of said store certain small gifts of clothing from time to time.

It appears from the evidence that at the foot of the outside stairway leading to the basement of defendant's store were two large iron doors, which were locked by the use of the iron bar in question, and that upon the day when plaintiff claims to have sustained his injuries, May 5, 1936, said bar was removed from its place by Mather, the manager of the defendant's basement store, and by him leaned against the closed iron door at the foot of said stairway—the other iron door being open.

It is asserted by Leach that at the time he sustained his injuries the basement in question was dimly lighted by a single dingy light bulb, and that by reason of the inadequate light he was unable to discern the presence of said iron bar leaning against said door, as above described; that in removing said papers and boxes from the basement it was necessary for him to open the closed iron door; and that, in so doing, said bar fell from the place where it was leaning and struck him upon the head, inflicting the injuries which form the basis for his claim asserted in this litigation.

The trial court, at the conclusion of all the evidence, directed a verdict in favor of the defendant, apparently upon the ground that the plaintiff, as a matter of law, was guilty of negligence proximately contributing to his own injury. Appeal upon questions of law brings the judgment, entered upon the verdict so returned, into this court for review.

The record discloses a conflict in the evidence as to whether or not the basement was dimly and inadequately lighted, and also as to the position where the iron bar in question was leaning. There is conflict in the evidence as to whether said bar was readily visible to one using the passageway leading from said basement, or opening the steel door that was closed. There is dispute as to the relationship existing between plaintiff and the owner of the premises at the time plaintiff was upon said premises; and there are other facts and circumstances surrounding the entire situation as to which there is at least an

uncertainty in the testimony of the witnesses, if not a conflict.

In our view a situation was thus presented as to the negligence of the defendant, and also as to the contributory negligence of the plaintiff, upon which reasonable minds might reasonably reach different conclusions. Therefore, in the opinion of this court, a jury issue was presented as to the negligence of the defendant, and as to the contributory negligence of the plaintiff.

Under all of the circumstances shown by the record herein, this court is of the opinion that the trial court erred in deciding either of the above questions as a matter of law, and in directing a verdict in favor of the defendant; and for that error the judgment is reversed and the cause remanded for further proceedings according to law.

WASHUBRN and DOYLE, JJ, concur in judgment.